Case number 20-6328 United States of America versus LiviuSorin Nedelcu. Oral argument is not to exceed 15 minutes per side. Mr. Lyons for the appellant. Good afternoon Mr. Lyons. You may proceed. Thank you your honors. May it please the court. My name is Thomas Lyons and I represent the appellant LiviuSorin Nedelcu. Briefly by way of background your honors the Mr. Nedelcu pled guilty to count one of a superseding indictment in this case charging a violation of the RICO statute section 1962. This is a case regarding the application of certain guidelines and the permissibility of some of the guideline enhancements that the district court imposed upon my client. The base guideline for the RICO statute is contained in the United States guideline 2E1.1 and basically that directs that the offense level is 19 or the offense level applicable to the underlying racketeering activity. The commentary which the court the district court seized upon states that where there is more than one underlying offense treat each underlying faint offense as if it is contained in a separate count of conviction for purposes of determining the base offense level. The underlying activity here the racketeering activity is fraud and money laundering and without going to all the details essentially the guideline the level was 27 after several enhancements under the fraud guideline for amount of loss for operating outside the United States and similar things that we don't contest he came to a base offense level of 27. Then we come to what I believe is the first assignment of error in this case the district court erred in applying 2S1.1 specific offense characteristic because the plain text of 2S1.1 B2B requires an actual conviction under 18 United States code 1956 the money laundering statute. Specifically the provision provides under specific offense characteristics if the defendant was convicted under 1956 increased by two levels and if that provision applies and the offense involves sophisticated laundering we increase by two levels additionally so the court added four additional levels resulting in a guideline range of 78 to 97 months the sentence imposed was 82 months. It is the appellant's position that neither of these two enhancements apply because in order for them to apply a specific conviction under 1956 the money laundering statute is required. So the plain text of the guideline provision prohibits what the district court did in addition under USSG 1.1 B1.3 under relevant conduct there is an application note that appears to be right on point and it talks about factors requiring a conviction under a specific statute it provides that a particular guideline may express expressly direct that a particular factor be applied only if the defendant was convicted of a particular statute and it uses the 2S1.1 B2B exception as its as its main guidance there so not only does 2S1.1's text prohibit what the district court did the comment number 7 to 1B1.3 specifically addresses this particular issue and we argued all that at the district court which was overruled. Mr. Lyons even if you're correct in that argument the district court also applied the sentencing guideline 1B1.2C which is the guidelines regarding a stipulation establishing additional offenses and so that that is an independent reason for the enhancement here and what's wrong with that the enhancement on based upon that guideline? Well there's a couple of things that I believe are wrong with that your honor. First of all it's true that a plea agreement can stipulate specifically that there are additional offenses or that there's a more serious offense under 1B1.2. Now do you admit that the facts the factual basis in the plea established the elements of money laundering? I think I did so at the district court your honor. Okay I thought I thought you did too. To be perfectly candid the question is is whether or not we actually stipulated that this well isn't isn't that I mean a stipulation admission as to the facts isn't that that's that's sufficient and what authority do you have to the contrary? Well the authority I have to the contrary is the plea agreement itself. If you look at paragraph three of the plea agreement we specifically reserved our right to disagree about the enhancements of 2S1.1. I don't think you can garner a conclusion of stipulation when the very document that you're using to draw that conclusion specifically disagrees about the stipulation as to the facts necessary to establish the the offense and isn't that all the guideline requires? I don't think it is you know obviously you could disagree with me but I don't think it is when when we're talking about a more serious offense and the other argument I've made in this section of the brief is that it is a serious offense. Well they both have the same statutory maximum don't they don't they aren't they statutory maximum 20 years for both the question the question is is that the metric by which we should use? Now the United States has cited a couple of cases that in passing talk about the statutory maximum but I don't think either one of those cases that are cited one was a Supreme Court case and one was another case I don't think there's any analysis in there as to how we determine what a more serious offense is. I cited to the court in my brief a 10th circuit case United States versus Roberts did not find any 6th circuit case on point which directly considered the issue of whether 1B1.2 they were analyzing whether it's impermissibly vague with respect to the term more serious offense and they look to the guidelines not the statutory maximums for the metric of comparison finding that the guidelines provide a clear means by which the relative seriousness of the offense encompassed by the stipulated conduct can be evaluated so I think that is closer to the issue that presents itself to this court I don't know that the 6th circuit has actually decided this specific issue of what metric you use as to what is a more serious offense I can tell you as a practical matter that my client was sentenced to a significantly longer prison sentence as a result of this so it seems to me common sense would dictate that it is a more serious offense but I don't think there's a lot of 6th circuit guidance on this issue I do not think that the two cases cited by the government really answer that question and I do think this 10th circuit case gives the court at least some persuasive authority when it's analyzing whether this is more serious offense the commentary that you're relying on doesn't it only apply to 1.2 a and not to c I'm sorry could you repeat that your honor I'm having a hard time following you there well when you're talking about the more serious offense right right you're you're relying on on what well I'm relying on the fact that the court um determined that my client was guilty of a money laundering offense even though he did not plead guilty to a money laundering effect you're relying on a specific provision right right but I I was under the impression I could be reading it wrong that the provision that you're relying on applies to 2a but not 2c and 2c was what judge Griffin was asking you about the section that that says that if you if you stipulate to another offense well as I read c it talks about a plea agreement containing a stipulation that specifically establishes the commission of an additional offense shall be treated as if defendant had been convicted of an additional offense charging that offense I think the commentary talks about under what circumstances should defendant be held accountable for that additional offense and I think the point of the commentary is that if you're going to do that to a defendant without an express conviction then there has to be something explicit in the plea agreement a as to the effect of a of a factual concession that's what a stipulation is seems to me so does that mean you'd like for us to vacate the plea agreement and send the case back for resentencing I don't know that that's that's what I'm asking the court to do I think the um because it characterized it simply as an additional offense when in fact it is a more serious offense um and I think the court's analysis the district judge's analysis um simply ignored that that provision um he said it was not a more serious offense and then the question that poses itself to this court is how do you determine what is a more maximums is a comparison of the guidelines as the 10th circuit has indicated um you know common sense to me indicates the defendant as they consult their lawyer about a guideline provision about a guideline application they're talking to their lawyer about how the guidelines affect their sentence so it seems to me that that's really what's running the show because that's ultimately determines the penalty in the case of course when the plea was submitted and the sentencing occurred you knew that then your client knew that there had been no stipulation about the uh the enhancement based on the underlying offense so you knew that and went that well I don't know that at the time that he entered his plea agreement this was a concern frankly well it had to be a concern since you put right in the plea agreement that the defendant does not agree to this enhancement it says that right in in the agreement it does so I'm not sure why my client would be held accountable for being concerned about whether or not this was going to under 2s 1.1 when the statute when the guideline specifically provides that it can't be used so maybe I'm misunderstanding your honor's question and I apologize if I am but I think I'm well in other words there's no stipulation that the court couldn't use that enhancement I take the language that the defendant does not agree to the enhancement to simply mean that if the court did resort to that enhancement your client would not agree with that and would not waive any argument that that your client might have based upon that issue judge the bottom line is I guess I suppose theoretically I could have asked the court to suspend the sentencing and asked to either withdraw the plea but you need to understand that this was a case with that went on for several years and there were hundreds of thousands of pages of documents it took us long long time to work out these pleas and we were on the verge of a trial that was going to last multiple weeks so just as a practical matter I don't know that that I could have anticipated that or that I should have asked the district court to allow him to withdraw his plea thank you your honor well thank you you have your rebuttal time we'll hear from the government good afternoon your honor may it please the court sonia ralston for the united states I understand the court has some questions about the 1b 1.2 issue but I think I want to start back in the brico guideline itself is this court explained in havis the commentary to the guidelines is binding so long as the text of the guidelines will bear the construction here the text of guidelines 2e 1.1 a2 says that the court is to use the guideline offense level applicable to the underlying racketeering activity as the district court pointed out that naturally begs the question what is included because in a racketeering case in a rico case there necessarily must be a pattern of racketeering activity so there's always going to be more than one action so when you're talking about the underlying racketeering activity you have to ask which underlying racketeering activity the commentary answers that question it says when there is more than one activity treat each underlying offense as if it contained a separate count of conviction now that sets you up then to take those separate offenses and then apply what the guideline text says which is go back to the guideline for those offenses and figure out the offense level so here as we all agree there were two underlying offenses fraud and money laundering you separate those out and you go back to the guidelines for each of them treating them each as a separate count of conviction under the fraud guideline you get an offense level of 27 under the money launder guideline you get an offense level of 31 because 31 is higher guideline 2e 1.1 instructs to use that and then he received three points off for acceptance of responsibility for a final level of 28 the district court that seems to come from nowhere though i'm sorry your honor it seems to come from nowhere though i mean where do the guidelines themselves say that the you mean in the text as opposed to the commentary not the commentary where do the guidelines themselves tell you to do this in two in 2e 1.1 a2 it says to use the offense level applicable to the underlying racketeering activity and that as the district court noted leads to the question when there is more than one when they are different how do i know which one to use and the commentary answers that question right it permissibly explains interprets the text of the guideline and therefore it's binding it says take them separate them out treat them each as a count of conviction and then go figure out using all of chapter 2 and parts a b c and d of chapter 3 which has the higher offense level i mean doesn't the guideline specifically say that if the defendant was convicted under 18 usc 1956 increased by two levels it does your honor okay and you admit defendant wasn't yes okay and you agree he wasn't convicted under so i mean doesn't that specific text of the guideline conflict with the commentary that's that's the point they argue i understand that's their argument but i don't think that it conflicts because we're talking about two different things the text the commentary that we're asked looking to interprets the guideline for the rico offense and the text in the rico offense that says underlying racketeering activity that's what's being interpreted here in the commentary to the rico guideline needs interpretive help it calls for a question of how do i treat multiple offenses so then that commentary tells you it answers that question it says treat them as separate offenses of conviction and then when you're applying this pass through this umbrella offense go back to the other after e and figure out what applies okay and so the guidelines do this consistently you know the conspiracy guideline tells you to look to the underlying activity the um uh in the one sorry 1b 1.2 also tells you that you know in this commentary in or sorry not the the um multiple offenses as though they're as though it is a count of conviction and you see the same language um in actually the commentary to the money laundering guideline itself where it tells you that if you have a conviction this is application note 3c of the money laundering guideline that if your conviction is for 1956 h which is the conspiracy provision but the only object of that conspiracy is 1957 which is the lower money laundering it's the transactional not the concealment um that you should treat it as a 1957 offense not a 1956 offense even though the judgment in that case is going to say 1956 so this is the guidelines consistently in every case saying look at the actual conduct look at what the defendant did look at what the stipulated facts establish and use that so also do we have to accept your argument on this section for you to win on the 2e 1.1 commentary no you don't as the district court noted you can use 1b 1.2c and get to the same conclusion isn't that an easy isn't that an easier route to affirm i think they're equally easy either way you get to the question of if you are treating treating this thing that's not on the judgment as though it is a count of conviction and whether you get there through the 2e 1.1 commentary or the text in 1b 1.2c okay you're getting to i mean to me it it's it seems like the the the less less resistant uh way to affirm because otherwise we have to determine whether there's a conflict between the text of the guidelines the commentary and i don't see a conflict in regard to 1 1b 1.2c that's that's all uh just the argument there is somehow the that establish the basis for the for a for for the offense that's all what what what do you need to apply that section 1b 1.2c applies when the plea agreement contains a stipulation as to the facts that establish the commission of the additional offense so here we have a stipulation as to the facts which i'm happy to go through those facts but i think the facts are less at issue than the law and the facts establish the offense because they establish all four elements of the money laundering offense now i want to kind of i think i can answer your question about the difference between a and c okay so a is about a case where you as the commentary talks about you committed a robbery you're going to plead to theft but the guidelines is calculated under robbery okay in order to do that you have to agree to use the robbery guideline and that's what the commentary says it says for the purposes of a stipulation for the purposes of subsection a only if both the defendant and the government explicitly agree that the factual statement or stipulation is a stipulation for such purpose and this is added to the guidelines after the supreme court's decision in braxton which you know said oh it's confusing about whether you actually need to stipulate and agree to use it for this purpose and then the commission went back and amended it and said you know like for the purposes of a you actually need to um be explicit okay the reason is that there and whether you use the guideline i'll get to the guidelines versus the stat max but all the do have different statutory maximums and the reason you would do this right is to say that is that you're bound by the stat max of the lower crime right so you plead to the theft which has a five-year maximum and use the guideline for the robbery but you can't get more than the five years because that's the thing you pled to and that's roberts does this it's a 15-year thing that they the guideline for in a 10-year max on the the thing that he pleads to so you know all of the cases have this difference in the statutory maximum and that's why this guideline exists okay c is for cases where you have like this case like lots of cases the example in the commentary is about multiple bank robberies okay where you plead to a bank robbery and then you admit the then in calculating the guidelines you treat it as though there are multiple bank robberies the same thing applies here okay he established he pleaded to the count of conviction is the rico conspiracy the facts in the plea agreement establish the money laundering conspiracy so you treat it as an additional offense when you go to the additional offense rules it says to use the one with the highest level here either they're the same or because of this pass through through 2e 1.1 or the money laundering is the higher level either way you get to the 31 you include these enhancements um the seriousness so and that kind of brings me back to this more serious offense question and why you know that well why i think that you shouldn't use the guidelines level um which is because in cases like this one it's for the other offense right and so whether you apply these enhancements to 2s 1.1 affects what the guidelines level in 2e 1.1 is so you can't just compare them like without the extra information right you can't compare them in a vacuum the only way you can figure out what the level in 2e 1.1 is is by looking to 2s 1.1 and so you can't make this okay you can make the comparison using the code book right because the stat max is right there in the code book and that is a clean easy way to determine which is more serious also today right in the post booker world the guidelines are advisory and we know that the you know what counts as the the seriousness of the offense is what's in the code what the statutory maximum is because that's where we're looking to what the limits of the court's discretion is and that's why i think you should use the statutory maximum to determine more serious and therefore this case where we have the same statutory maximum you're not in a you're in c i mean are there situations where the offense with the higher statutory maximum has the lower sentence i suppose it's possible um i don't know i i can't think of one offhand um but i suppose it's possible that that could happen um but if that happens it doesn't matter right because if if the defendant pleads to the that has the lower statutory maximum but the higher guidelines level who cares what the guidelines level is to the offense with the lower statutory maximum because the guidelines everywhere you look say use the use the higher level use the greater offense level so the guidelines would never instruct you to use the lower offense level from the crime with the higher statutory maximum they're always going to instruct you to use the higher guidelines level regardless of which all right miss rawlston getting back to judge white's original question about the analysis of what's the most serious offense i mean it's your position we don't have to go there because that applies only to a and not c and we're dealing here with c so yeah we don't go there at all right that's correct okay okay and what do you need to establish that offense it says containing a stipulation that specifically establishes the commission of an additional offense okay so the commission of the offense what establishes that are the facts and if you compare um when you say stipulation you don't you don't think you need anything other than facts that would establish that offense you don't you don't need the defendant's intend to be stipulating to another crime no and i think if you look at the commentary in notes one and note c for 1b 1.2 it shows this in note one it talks about the stipulation for the purposes of subsection a you have to explicitly agree that you're doing this okay in the note three talking about subsection c it doesn't say that and it says if the defendant is convicted of one kind of robbery but as part of the plea agreement admits to having committed two additional robberies then you count it as though there's three robberies so the i think the text of the guidelines also say that but if you look at you know the commentary is making it 100 clear and the way that this evolves in response to the supreme court's decision in braxen i think also makes that clear we ask that the court if there are no further questions we ask that you affirm the judgment thank you or any rebuttal yes your honor i'm focusing in on the 1b 1.2 issue which the court is obviously focused on um the question becomes i guess whether we're dealing with a or c i had made the argument that this is a more serious offense under subsection a and now the court is you know questioning um opposing counsel about a plea agreement that contains a stipulation um that specifically establishes the commission of an additional offense and under that the commentary would suggest that you don't need the defendants express permission to say yes i am stipulating to an additional offense the problem still is not resolved simply by resolving that issue because all the c says is that um it shall be treated as if the defendant has been convicted of an additional count charging the offense it doesn't tell you what the upshot of that is that would depend on what the what the referral guideline is going to be so in in in this specific case the guideline that we're talking about the enhancements that have been provided are under 2s 1.1 the statutory language or the the guideline language itself is that you need a conviction so is is c in conflict with that statutory language um i think it may be the other question that that that comes to mind is if the result is as as counsel just suggested how do you deal with what's in 1b 1.3 comment 7 essentially you're basically saying that because of 1b 1.2 we're going to ignore the 1.3s express provision that a conviction has to be had under 1956 so i don't see how you can read 1b 1.2 c in isolation because i still think there's tension between that and the requirement of a conviction under 2s 1.1 and the tension with 1b 1.3 note 7 which i think is what the two cases that i cited to you talk about um and that's the regerio case and the rossi case both of those held that you cannot use um this this provision to um enhance the penalty so um i don't think that's the end of analysis is simply by saying it's a 1p 1.2 c case and because he's the argument i think the question then becomes if that's true then how do you how do you employ that with 2s 1.1 and the comment to 1b 1.3 note 7 thank you your honor i would ask that you reverse that portion of the sentence that uh imposes the four level enhancement okay thank you counsel and uh mr lyons the court very much appreciates you accepting the appointment of this case under the criminal justice act i know you do this as a service to the court so thank you for that the case the case is submitted